**WO**                                                                                           KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Larry Self,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV 18-8168-PCT-DGC (MHB)<br>     CR 10-8036-PCT-DGC<br><br><br>**ORDER** |

Movant Richard Larry Self, who is confined in the Federal Correctional Institution-Englewood in Littleton, Colorado, has filed a pro se Petition for a Writ of Error Coram Nobis (Doc. 1). The Court will summarily deny the Petition.

Petitioner seeks to challenge the validity of the search warrants used to obtain evidence against him as well has his resulting conviction.

The Ninth Circuit Court of Appeals has explained the scope and nature of the federal writ of error coram nobis:

> The writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence. The petition fills a very precise gap in federal criminal procedure. A convicted defendant in federal custody may petition to have a sentence or conviction vacated, set aside or corrected under the federal habeas corpus statute, 28 U.S.C. § 2255.

*Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). Accordingly, an inmate still in custody may not apply for coram nobis relief because the more usual remedy of a

habeas petition is still available. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

Petitioner is still in custody and therefore may not apply for coram nobis relief. Moreover, Petitioner has already raised the warrant issue in a previously filed Motion under 28 U.S.C § 2255. The Court denied the Motion in a July 29, 2013 Order (Doc. 126 in CR 10-08036-PHX-DGC). The Court will therefore dismiss the Petition.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Error Coram Nobis (Doc. 1) is **denied**.

(2) The Clerk of Court must enter judgment and close the case.

(3) Although Petitioner has brought his claims in a coram nobis petition, a certificate of appealability is required where a petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 10th day of September, 2018.

*David G. Campbell*

David G. Campbell
Senior United States District Judge